## CAMFIELD et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 18, 1895.)

### No. 517.

APPEAL—REHEARINGS BY CIRCUIT COURT OF APPEALS.

The fact that a case decided by the circuit court of appeals is one of great importance is not sufficient ground for granting a rehearing, when there is no suggestion that any consideration or authority entitled to weight has been overlooked; and this is especially true in cases arising under the constitution and laws of the United States, as to which the decisions of that court are not made final by section 6 of the judiciary act of March 3, 1891 (26 Stat. 826).

Appeal from the Circuit Court of the United States for the District of Colorado.

This was a proceeding brought by the United States against Daniel A. Camfield and William Drury, under the act of February 25, 1885 (23 Stat. 321), to compel the removal of an inclosure of public lands. In the circuit court an exception to the answer was sustained, and, defendants having failed to plead further, a decree was entered against them. 59 Fed. 562. Defendants thereupon appealed to this court, and upon February 20, 1895, the decree was affirmed. 66 Fed. 101. Defendants have now moved for a rehearing.

James W. McCreery, A. C. Patton, H. E. Churchill, and Charles W. Bates, for appellants.

Henry V. Johnson, U. S. Atty., for the United States.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. A motion for a rehearing has been filed in this case, based on two grounds: First, that this court has no jurisdiction of the case on appeal, because the case involved the constitutionality of an act of congress; and, second, because the case is one of great importance. With reference to the first point, it may be said that the record lodged in this court did not disclose any constitutional question. In the circuit court the government excepted to the sufficiency of a certain defense which was pleaded in the answer. The exception was sustained, whereupon, for failure on the part of the defendants to plead further, a decree was entered in favor of the United States. The defendants then prayed an appeal to this court, and assigned for error that the circuit court erred in sustaining the exceptions to the answer. The validity of the act of congress of February 25, 1885 (23 Stat. 321 c. 149), was not challenged by the assignments of error, nor by counsel for the appellants, either in their oral or written argument. With reference to the second point of the motion, it will suffice to say that while the case may be, and doubtless is, one of much importance to the appellants, yet it is not suggested that the court has overlooked any consideration or authority which should have had weight in the decision of the cause. Inasmuch as the case arises under the constitution and laws of the United States, and the decision thereof by this court is not made final by section 6 of the act of March 3, 1891 (26 Stat. 826, c. 517), no reason is perceived why a rehearing should be granted, and the motion in that behalf is therefore denied.